Phyllis Wright HARRIS, on her own behalf and on behalf of her three children, Beverly Harris Butler, and Samuel Harris, Plaintiffs,

v.

JOINT SCHOOL DISTRICT NO. 241, Board of Trustees of District No. 241; Trent Woods, Chairperson of said Board; Al Arnzen, Superintendent; Defendants,

v.

CITIZENS PRESERVING AMERICA'S HERITAGE, INC., an Idaho corporation; Antoine Jesse Heath; Karla Frei; Maureen Slichter (by and through Leon Slichter, parent); Chad Graves; Gina Engle; Sherry Coxen (by and through Jack Breen, guardian); Maria Lowry, by and through Robert Lowry, parent); Mike McCarley; and Tina Lawrence, Intervenors–Defendants.

Civ. No. 91–0166–N–HLR.

United States District Court,
D. Idaho.

May 20, 1993.

Alan Kofoed, Nevin, Kofoed & Herzfeld, Boise, ID, Stephen L. Pevar, American Civil Liberties Union, Denver, CO, for plaintiffs.

James B. Lynch, Kirtlan G. Naylor, Imhoff & Lynch, Boise, ID, for defendants.

Stanley D. Crow, Boise, ID, for intervenors-defendants.

### ORDER ADDRESSING MOTIONS AND GRANTING INTERVENOR–DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

RYAN, Senior District Judge.

#### I. INTRODUCTION

On May 28, 1991, this court entered an Order Granting Motion to Abstain and Denying Preliminary Injunction. In that order, although plaintiffs' and intervenors' motions for summary judgment had been fully briefed and argued, this court deferred ruling on such motions based on an appeal pending before the United States Supreme Court in the case of *Lee v. Weisman*, 908 F.2d 1090 (1st Cir.1990), *cert. granted*, —— U.S. ——, 111 S.Ct. 1305, 113 L.Ed.2d 240 (1991). *See* Order Grant.Mot. to Abstain & Den.Prelim.Inj., filed May 28, 1991, at 15. Subsequently, this case was administratively terminated. *See* Order of Administrative Termination, filed Oct. 9, 1991.

On June 24, 1992, the Supreme Court rendered its decision in *Lee v. Weisman*, 505 U.S. ——, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992), and thereafter plaintiffs filed a motion to reopen these proceedings and conduct further discovery.

Upon reviewing the *Lee* decision, together with the briefing submitted by the parties, the court found good cause for reopening this case, for allowing further discovery, and for permitting the parties to submit supplemental briefing regarding plaintiffs' and intervenors' previous cross-motions for summary judgment. *See* Order Grant.Mot., Reopening Case, Set. Deadlines, filed Jan. 29, 1993.

Now, having carefully reviewed the supplemental briefing submitted by the parties, along with numerous affidavits, deposition excerpts and exhibits, the court is prepared to enter its rulings.[1]

Based on the analysis to follow, the court shall deny plaintiffs' Motion for Summary Judgment, which ultimately seeks to enjoin prayer from taking place at future graduations in Joint School District No. 241 because such prayer allegedly violates the Idaho Constitution[2] as well as the United States Constitution. And, the court shall grant Intervenors' Motion for Summary Judgment on Plaintiff[s'] Complaint and on Intervenors' Counterclaim to the extent that Joint School District No. 241 shall be able to continue the practice of allowing each senior class to dictate the content and form of graduation ceremonies, including the determination as to whether some sort of "prayer," or, conversely, no prayer at all, will be part of such ceremonies.

1. The court has determined that further oral argument would not significantly aid the decision-making process. Therefore, in the interest of arriving at a prompt resolution to these proceedings in advance of any upcoming graduation ceremonies which may be affected by such rulings, the court shall base its decisions on the written record together with the court's recollection of the oral arguments *previously* presented on behalf of the parties.

2. Given the fact that important state constitutional issues have been raised, this court finds that it is appropriate for those issues to be resolved by the courts of the State of Idaho. In light of the present posture of this case, rather than certify-

## II. ANALYSIS[3]

### A. *The Holding in Lee v. Weisman*

In *Lee*, the Supreme Court held that Robert E. Lee, a public school principal acting in accord with the policy of his Providence, Rhode Island, school district, violated the Establishment Clause by inviting a local clergy member, Rabbi Leslie Gutterman, to deliver a nonsectarian, nonproselytizing invocation at his school's graduation ceremony.

Several passages from the *Lee* decision are particularly instructive in the case at bar. Accordingly, rather than paraphrasing the Supreme Court, this court finds it beneficial to quote directly from the *Lee* opinion.

In reaching its decision the Court specifically explained that:

> The principle that government may accommodate the free exercise of religion does not supersede the fundamental limitations imposed by the Establishment Clause. It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which "establishes a [state] religion or religious faith, or tends to do so...." The State's involvement in the school prayers challenged today violates these central principles.
>
> That involvement is as troubling as it is undenied. *A school official, the principal, decided that an invocation and a benediction should be given; this is a choice attributable to the State,* and from a consti-

ing questions to the Idaho Supreme Court, this court will rule on the federal constitutional issues and close the case. Thereafter, should they choose to do so, the parties may pursue the state constitutional issues in a state forum.

3. Many of the factual and legal issues in this case were previously addressed in this court's Order Granting Motion to Abstain & Denying Preliminary Injunction, filed on May 28, 1991; therefore, rather than restating such information, the court hereby incorporates by reference the text of its previous order. Accordingly, the focus of the analysis in this order shall be on the Supreme Court's holding in *Lee v. Weisman* and the supplemental arguments made by the parties.

tutional perspective it is as if a state statute decreed that the prayers must occur.
. . . .

[And,] [t]he State's role did not end with the decision to include a prayer and with the choice of clergyman. Principal Lee provided Rabbi Gutterman with a copy of the "Guidelines for Civic Occasions," and advised him that his prayers should be nonsectarian. *Through these means the principal directed and controlled the content of the prayer.*

*Id.,* 505 U.S. at ———— ————, 112 S.Ct. at 2656, 120 L.Ed.2d at 480–81 (citations omitted) (emphasis added).

Throughout its decision the Court placed great emphasis on the particular facts before it and stated that:

*These dominant facts mark and control the confines of our decision:* State officials direct the performance of a formal religious exercise at promotional and graduation ceremonies for secondary schools.

. . . .

[T]he policy of the city of Providence is an unconstitutional one. . . . *The government involvement with religious activity in this case is pervasive,* to the point of creating a state-sponsored and state-directed religious exercise in a public school.

*Id.* 505 U.S. at ———, 112 S.Ct. at 2655, at 480 (emphasis added).

Moreover, as the Court took into account the particular facts in *Lee,* declaring that "[o]ur Establishment Clause jurisprudence remains *a delicate and fact-sensitive one,*" *id.* 505 U.S. at ———, 112 S.Ct. at 2661, 120 L.Ed.2d at 487 (emphasis added), the Court acknowledged that:

At a high school graduation, teachers and principals must and do retain a high degree of control over the precise contents of the program, the speeches, the timing, the movements, the dress, and the decorum of the students. . . . In this atmosphere *the state-imposed character of an invocation and benediction by clergy selected by the school combine to make the prayer a state-sanctioned religious exercise* in which the student was left with no alternative but to submit.

*Id.* 505 U.S. at ———, 112 S.Ct. at 2660, 120 L.Ed.2d at 487 (citation omitted) (emphasis added).

This court previously deferred ruling on the parties' cross-motions for summary judgment hoping that the Supreme Court would provide a definitive ruling in *Lee* which would dispose of the issues raised in these motions. Unfortunately, however, as the excerpts set forth above make clear, the Court's decision was deeply rooted in the particular facts present in the Rhode Island school district.

Thus, although *Lee* provides *some* guidance and certainly endorses the separation of church and state, it does little to resolve the dispute between the parties in the case at bar. On the contrary, as the supplemental briefing of the parties demonstrates, each side maintains that the holding in *Lee* strengthens their respective positions. With these points in mind, the court will now turn to the supplemental arguments of the parties.

**B.** *The Parties' Arguments in the Wake of Lee v. Weisman*

Plaintiffs challenge the fact that over the years high school graduation programs in School District 241 have included invocations and benedictions, and they request this court to enjoin that practice from continuing. In their supplemental briefing plaintiffs rely primarily on *Lee,* and the Ninth Circuit decision of *Collins v. Chandler Unified School District,* 644 F.2d 759, 762 (9th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981), which held that faculty supervision of religious activities, including voluntary prayer at public school assemblies, creates excessive entanglement of government and religion.

Plaintiffs attach much significance to the fact that graduation activities in District 241 are supervised by faculty and administrators and that the ceremony is "presided over by the principal and school board members who sit upon a raised stage above the graduates and announce them as graduates between prayers." Pls.' Supplemental Mem.Supp.Inj. & Summ.J., filed Apr. 9, 1993, at 8. Essentially, plaintiffs urge this court to find that

such supervision constitutes state involvement equal to, if not greater than, that present in *Lee*, and, therefore, that the Establishment Clause is being violated whenever prayer is incorporated into commencement exercises.[4]

Plaintiffs also argue that even though the record reflects that senior students vote on whether or not to include any prayer in their graduation programs, that such a vote is not meaningful because there is a long standing tradition of having invocations and benedictions as part of graduation ceremonies in District 241. And, plaintiffs maintain that even a vote of the students violates the Establishment Clause because no minority of students should ever have to be subjected to even the possibility of having prayer included in their public high school graduation ceremonies. Moreover, plaintiffs seem to argue that because students are aware of faculty and administrators who favor prayer as part of commencement exercises, they feel pressure to vote for the inclusion of prayer even if they do not personally want it.

On the other hand, defendants/intervenors[5] contend that the holding in *Lee* supports their position that School District No. 241 is not engaging in any practice which violates the Constitution. Defendants/intervenors distinguish the facts in this case from those present in *Lee*. Specifically, intervenors maintain that:

[T]he factual situation here—explicit neutrality by the district, with student control of the event—is very unlike that in *Lee v. Weisman*, in which the school principal determined that prayer would occur, who would voice it, and in general what its contents would be.

In this case none of those things occurred. Intervenor's Supplemental Br. Supp.Mot.Summ.J., filed Apr. 8, 1993, at 3.

The school district defendants stress that in this case it is the senior students themselves, not the principal, who determine every element of their graduations, including whether or not prayer will be part of the ceremony, and, if so, who will say it.[6] Specifically, defendants state that:

Although each and every element of high school graduation may not be "voted on" by the senior class, if the students chose to change traditions or change the way in which the graduation ceremony occurs, the students would have the right and authority to do so. For example, the students could decide that no music be played, that the national anthem not be played, that there not be a printed program, that there not be a speaker, or the students could decide to completely change the sequence of graduation and who presents diplomas. The fact that the students may not in a given year vote on each and every procedure does not in any way affect the senior class students' opportunity to decide these issues.

Def. Joint School District's Statement of Facts, filed Apr. 23, 1993, ¶ 6 at 3.

In November 1990, this impending legal action prompted School District Superintendent Al Arnzen to send a memorandum to all principals regarding the subject of graduation ceremonies.[7] However, defendants in-

---

**4.** The supervision present in District 241 is certainly not atypical. As discussed above, the Court in *Lee* fully acknowledged the "high degree of control" which teachers and principals "must and do retain" at high school graduation ceremonies. Had the court wanted to do so, it could have indicated that since such supervision is always present, any prayer included in a graduation ceremony violates the Establishment Clause because supervision alone is equivalent to state involvement. To date, however, the Supreme Court has not chosen to reach that conclusion.

**5.** Since defendants and intervenors make similar arguments in this proceeding, where appropriate, the court will refer to these parties collectively as "defendants/intervenors."

**6.** For instance, in 1993, seniors from at least one of the three high schools in District 241 voted to have a moment of silence at the beginning of commencement, without any prayers. Def.Joint School District's Statement of Facts, filed Apr. 23, 1993, ¶ 9 at 4.

**7.** The "Subject" of the memorandum was "Invocation and Benediction at Graduation" and the text included the following:

I just want to make sure we are all doing the same thing for Invocation and Benediction at graduation. The school board is permitting Invocation and Benediction at graduation and not requiring Invocation and Benediction at graduation. These are the guidelines I want you to follow:

sist that: "[The] memorandum did not change *existing* policy, but simply reinforced that the School District was to remain neutral and let the students have a choice about graduation. No change in this 'policy' has occurred in the last 15 years." *Id.,* ¶ 10 at 4 (emphasis added). Defendants explain further that:

> The only procedure that changed beginning in 1991 was that the students were provided written ballots because of the concern about this lawsuit. In prior years there was a straw poll or a hand poll or some kind of polling of the seniors with regard to choices and their decisions, but there was not a written record kept.

*Id.,* ¶ 11. Also, since 1991, largely as a result of this lawsuit, the following disclaimer is included in the high school graduation programs for District 241:

> The Board of Trustees of Joint School District No. 241 neither promotes nor endorses any statements made by any person involved in the graduation ceremony. The District endorses each person's free exercise of speech and religion and any comments or statements made during the graduation ceremony should not be considered the opinions or beliefs of the District, the Board of Trustees or the Superintendent.

Aff. Verifying Docs Filed in Supp.Pls.' Previously Filed Mot.Summ.J. & Reg.Inj. Relief, filed Apr. 9, 1993, attach. Defs.' Resp. to Req. for Production No. 2, Item 11 (Arnzen Mem. dated May 15, 1991).

To further substantiate their positions, defendants/-intervenors rely on the case of *Jones v. Clear Creek Independent School Dist.,* 977 F.2d 963 (5th Cir.1992) (hereinafter *"Jones II"*), *petition for cert. filed,* 61 U.S.L.W. 3684 (U.S. Mar. 26, 1993) (No. 92–1564).

In an earlier decision, the Fifth Circuit Court of Appeals held that a Texas school district's resolution permitting public high school seniors to choose student volunteers to deliver nonsectarian, nonproselytizing invocations at their graduation ceremonies did not violate the Establishment Clause. *Jones v. Clear Creek,* 930 F.2d 416 (5th Cir.1991) (hereinafter *"Jones I"*) *vacated,* 505 U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992). Following appeal, the Supreme Court granted certiorari, vacated the Fifth Circuit's judgment in *Jones I,* and remanded it for further consideration in light of *Lee v. Weisman. Jones v. Clear Creek Indep. Sch. Dist.,* 505 U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992).

In *Jones II,* the Fifth Circuit held that *Lee* does not render the Texas school district's invocation policy unconstitutional, particularly since the resolution at issue does not "mandate an invocation; [but] merely permits one if the seniors so choose."[8] *Jones II, supra,* 977 F.2d at 968.

Thus, based on the Fifth Circuit Court of Appeals' interpretation of *Lee,* intervenors argue that "student-planned, student-directed prayer, [should be permitted] ... [because the] Court in *Lee v. Weisman* 'repeatedly stress[ed] the government's direct and complete control over the graduation prayers there at issue.'" Intervenors' Supplemental Br., at 4 (*quoting Jones v. Clear Creek Indep. School Dist.;* [Jones II] 977 F.2d at 970.

---

1. Let the senior students vote on whether they do or don't want Invocation and Benediction at graduation.
2. If the answer is yes, then they should vote on whether they want a minister or a student to say the Invocation and Benediction.
3. If the students vote for a minister, then the students should vote on which minister they want to say the Invocation and Benediction.
4. If the students vote for students to say the Invocation and Benediction, you may want to have the 3rd and 4th students in GPA do this. Make everything an option and let the students vote. We will dictate nothing to the students.

If a student does not want to go to graduation, I would not force the issue. Give him/her the diploma after the graduation exercise.
Aff. Verifying Docs. Filed Supp. of Pls.' Previously Filed Mot.Summ. J. & Req. for Inj. Relief, filed Apr. 9, 1993, attach. Defs. Resp. to Request for Produc. No. 2, Item 4 (Arnzen Mem. dated Nov. 20, 1990).

8. Unlike the case at bar, however, the Fifth Circuit noted that the record in *Jones* did not disclose how each senior class chooses whether to include an invocation, nor how a student volunteer who delivers the speech is chosen. *Jones II,* 977 F.2d at 969.

## C. *Conclusion*

As the Supreme Court noted in *Board of Education v. Mergens*, 496 U.S. 226, 110 S.Ct. 2356, 110 L.Ed.2d 191 (1990):

> [T]here is a crucial difference between *government* speech endorsing religion, which the Establishment Clause forbids, and *private* speech endorsing religion, which the Free Speech and Free Exercise Clauses protect. We think that secondary school students are mature enough and are likely to understand that a school does not endorse or support student speech that it merely permits on a nondiscriminatory basis.

*Id.* at 250, 110 S.Ct. at 2372.

Where, as here, the senior high school students in School District No. 241 are free to choose whether any prayer will or will not be included in their graduation programs, the mere fact that graduation ceremonies in District 241 are supervised by faculty and administrators does not begin to constitute the kind of state involvement present in Providence, Rhode Island.

Plaintiffs urge this court to find state entanglement and involvement rising to the level in *Lee* because the school district engages in the practice of allowing students to vote on whether or not to include prayer in their graduation ceremonies. Based on this court's reading of *Lee*, beyond the fact that there is a district-wide policy of allowing senior high school students in District 241 to vote on the issue of graduation prayer, the record demonstrates that faculty and administrators have little or no involvement in that process.

In the area of Establishment Clause Jurisprudence, this court is clearly required to focus on the undisputed facts in this case. Accordingly, absent a demonstration of state involvement by School District No. 241 which even begins to approach the level of state involvement present in *Lee*, and despite the arguments of plaintiffs, this court is hard pressed to enjoin prayer from taking place at future graduations.

Apparently, the Supreme Court is willing to tolerate some prayer at graduation ceremonies. The Supreme Court has had two recent opportunities to ban all prayer at graduation ceremonies, but has declined to do so. First, in *Lee*, rather than emphasizing the need for fact sensitivity, the Court could have stated that *any* prayer at public high school graduation ceremonies violates the Constitution under *any* circumstances. But it did not do so. Or, the Court could have required that *separate* baccalaureate services be held in place of including invocations and/or benedictions in official graduation ceremonies. But it did not choose to do so.[9] And, secondly, in *Jones II, supra*, rather than vacating the judgment and remanding that case to the Fifth Circuit Court of Appeals, the Court could have directly addressed the appropriateness of senior students choosing whether or not to have prayer at their public high school graduations. But it did not choose to do so.[10]

Therefore, in light of the lack of any directive to the contrary, this court finds that the practice of allowing students to determine whether or not to include prayer in

---

9. The concurring opinion of Justice Souter suggested that religious students "may even organize a privately sponsored baccalaureate if they desire the company of likeminded students." *Lee v. Weisman*, 505 U.S. ——, 112 S.Ct. 2649, 120 L.Ed.2d 467, 508 (1992) (Souter, J., concurring). However, nothing in the majority opinion required that a privately sponsored baccalaureate be held in order to pass constitutional muster.

10. As summarized by the Fifth Circuit Court of Appeals, "The practical result of our decision, viewed in light of *Lee*, is that a majority of students can do what the State acting on its own cannot do to incorporate prayer in public high

school graduation ceremonies." *Jones II*, 977 F.2d at 972.

Plaintiffs point out and this court fully acknowledges that it is not bound to follow or accept the Fifth Circuit's interpretation of *Lee*. Nevertheless, while that decision certainly does not control the rulings reached herein, this court does find much of the reasoning in *Jones II* to be persuasive. As noted, a petition for certiorari is currently pending in *Jones II*. Thus, the Supreme Court has *yet another opportunity* to guide the district and appellate courts of this country by defining the parameters of the Establishment Clause within the context of public high school graduation ceremonies—should it choose to do so.

their graduation ceremonies does not violate the Establishment Clause of the United States Constitution.[11]

### III. ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiffs' Motion for Summary Judgment should be, and is hereby, DENIED.

IT IS FURTHER ORDERED that Intervenors' Motion for Summary Judgment on Plaintiff[s'] Complaint and on Intervenors' Counterclaim should be, and is hereby, GRANTED to the extent that Joint School District No. 241 shall be able to continue the practice of allowing each senior class to dictate the content and form of graduation ceremonies, including the determination as to whether some sort of "prayer," or, conversely, whether no prayer at all, will take place at such ceremonies.

IT IS FURTHER ORDERED that, no opposition to such motion having been filed, the Motion for Leave to File Brief Amicus Curiae in Support of Defendants, filed April 23, 1993, should be, and is hereby, SUMMARILY GRANTED; and the Clerk of Court SHALL FILE the Brief Amicus Curiae of the Student Coalition for Free Speech in Support of Defendants.[12]

---

**11.** However, as the Fifth Circuit Court of Appeals properly pointed out, "What the Establishment Clause *finally* means in a specific case is what the [Supreme] Court says it means." *Jones II,* 977 F.2d at 966 (emphasis added).

**12.** Upon review of the brief submitted by the Student Coalition for Free Speech the court notes that the conclusion erroneously requests that a writ of certiorari not be granted in this case. Such a request should be addressed to the Supreme Court and is, therefore, premature.